IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE – OPELOUSAS DIVISION

| | | |
|---|---|---|
| RESA LATIOLAIS, PLAINTIFF | * | CIVIL ACTION NO. : |
| VERSUS | | |
| MR. BRADLEY GRIFFTH, MR. ROYLIS GALLOW, MR. DONALD CRAVINS, SR. AND THE CITY OF OPELOUSAS, LOUISIANA, | * | JUDGE: |
| DEFENDANTS | * | MAGISTRATE JUDGE: |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This case involves a claim by Plaintiff, Resa Latiolais, for any and all relief available under the Constitutions and Laws of the United States and the State of Louisiana, including punitive damages, for the acts, *in solido* and in conspiracy, of defendants Bradley Griffith (Brad), Officer Roylis ("**Ricky**") Gallow, Mayor Donald Cravins, Sr. and the City of Opelousas, which violate 42 U.S.C.A. § 1983, Louisiana Civil Code Article 2315, and Louisiana Civil Code Article 2324, by falsely accusing Plaintiff of child abuse, depriving Plaintiff of her constitutional and natural right to custody of her child, and engaging in other acts of intentional infliction of emotional distress.

2. Plaintiff, Resa Latiolais ("**Resa**") and Defendant, Bradley Griffith ("**Brad**"), are parents of the minor child, Cole, who is currently 7 years old. Until October, 2005, Cole lived exclusively with Resa. Brad had evening visits with Cole two to three nights per week. On October 5, 2005, Brad filed a *Petition to Establish Paternity and for Custody* of Cole.

3. Around October, 2005, Brad began exhibiting hostile and jealous behavior towards Resa. Brad incorporated the assistance of public officials and others in his custody battle and in his attacks on Resa. This behavior forms the basis of this suit.

4. Plaintiff brings this action to seek any and all relief available for the actions of Brad, his co-defendant conspirators, and their employers for their involvement in the intentional infliction of severe emotional distress upon Resa and Cole, derived from harassment, unnecessary investigations, public false accusations, arrests, entrapment, and loss of Resa's sole custody of Cole.

5. Plaintiff respectfully requests that this Court provide plaintiff with all relief available under law, including punitive damages allowed under 42 U.S.C.A. § 1983.

## STATEMENT OF JURISDICTION

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which grants the district courts "original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."

7. Federal jurisdiction over pendant state claims is governed by 28 U.S.C. § 1367, which states: "[I]n any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action ... that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

## PARTIES

8. Plaintiff, Resa Latiolais, is a United States citizen and resident of Lafayette, Louisiana. She is the parent of a 7-year-old son, Cole Latiolais. Resa is entitled to relief sustained as a result of the conspiracy of Defendants including attorneys' fees, costs, expenses

and psychological and emotional distress experienced as a result of the long endured custody battle for her child.

9. Defendant, Bradley Griffith, is the father of Cole. Until the institution of his custody claim in October, 2005, he had never sought visitation with Cole, much less custody. Brad became enraged with Resa once she began seeing another man, and engaged in unlawful behavior, including but not limited to, making false public accusations of child abuse, conspiring to entrap, falsely imprison, unlawfully arrest, harass and deprive her of custody of her child.

10. Defendant, Officer Roylis Gallow, was a police officer with the Opelousas City police department. Officer Gallow conspired with Bradley Griffith to entrap Resa Latiolais in an arrest for battery and to wrongfully deprive her of custody of Cole.

11. Defendant, Mr. Donald Cravins, Sr. is the Mayor of Opelousas, Louisiana. Mr. Cravins conspired to deprive Resa of custody of Cole by attempting to influence the investigation of Resa for child abuse. Specifically, Mr. Cravins personally called Officer Alex Montgomery, III, of the Lafayette Police Department and requested that he re-open an investigation of Resa regarding the alleged abuse of Cole. As a result of Mr. Cravins' request, the investigation was re-opened.

12. Defendant, the City of Opelousas, is a Louisiana municipality which employs both Officer Roylis Gallow and Mayor Donald Cravins, Sr. The city is liable to plaintiff under Louisiana Civil Code Article 2315 under a theory of *respondeat superior* for the tortious actions of officer Gallow and Mayor Cravins made in the course and scope of their employment.

## CONSITUTIONAL AND STATUTORY FRAMEWORK

13. Louisiana Civil Code Article 2315(A) reads, "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

14. Louisiana Civil Code Article 2324(A) reads, "He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act."

15. 42 U.S.C. §1983 reads in pertinent part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress..."

## FACTUAL ALLEGATIONS

16. Resa and Brad are the parents of Cole. Until October, 2005, Cole lived exclusively with Resa, and Brad had evening visits with Cole two to three nights per week. On October 5, 2005, Brad filed a *Petition to Establish Paternity and for Custody* of Cole.

17. Around October 2005, Brad began exhibiting hostile and jealous behavior towards Resa. In its judgment following the custody trial, the 15th Judicial District Court for the State of Louisiana found Brad would become loud and aggressive with Resa once she began seeing another man and this jealousy spawned the custody battle over Cole. Further, the Court found that Brad intentionally and wrongfully attempted to deprive Resa of custody of her child through many means, including attempted unlawful arrests and wrongful allegations of child abuse. Pertinent facts outlined by the Court in its Reasons for Ruling are set forth in Plaintiff's 18 through 21 below[1]:

---

[1] *Griffith v. Latiolais*, 2005-5193-H3, (March 27, 2008), 15th Judicial District Court, La., Reasons for Ruling attached as Exhibit "A."

18.     The Court stated Brad often exhibited loud and irrational behavior in his communications with Resa. The court based this conclusion, in part, on the testimony of a Lafayette Parish Deputy who observed Resa and Brad during a "keep the peace" call on October 28, 2005.

19.     Brad used his personal friends Jan Huffman and Jessica Harbin "to attempt to get Resa in criminal trouble and cause her stress and anxiety as a tactic to win custody of Cole." Stalking and false accusations by the women resulted in police officers appearing at Resa's home while Cole was in her care.

20.     Brad had Mayor Donald Cravins, Sr. personally contact Juvenile Officer Alex Montgomery to re-open the child abuse investigation of Resa.

21.     Brad brought his girlfriend, Cindy Hebert, with him to the hospital where Resa was supposed to meet him to retrieve their son. Brad and officer Roylis Gallow had previously arranged for Officer Gallow to be present at the hospital when Resa arrived, knowing that Cindy could get a rise out of Resa and she would behave unpleasantly. This entrapment resulted in Resa's arrest for battery and was used against her at her custody trial.

## CLAIMS FOR RELIEF

26. United States law requires that those who deprive any person of rights and privileges protected by the Constitution of the United States provided by state law be liable in action at law, suit in equity, or other appropriate measure. 42 U.S.C.A. §1983.

27. A private party may be liable under 42 U.S.C.A. § 1983 for conspiring with state actors to deprive a citizen of their civil rights. *Keko v. Hingle*, 318 F.3d 639 C.A.5 (La.) 2003; *Dennis v. Sparks*, 449 U.S. 24 (U.S., 1980.)

28. Defendant, Bradley Griffith, through the actions set forth herein is liable to Plaintiff under La. C.C. Arts. 2315, 2324, and 42 U.S.C.A § 1983.

29. Defendant, Officer Roylis Gallow, for the actions set forth herein is liable to plaintiff under La. C.C. Arts. 2315, 2324, and 42 U.S.C.A § 1983.

30. Defendant, Donald Cravins, Sr. for the actions set forth in herein is liable to plaintiff under La. C.C. Arts. 2315, 2324, and 42 U.S.C.A § 1983.

31. Defendant City of Opelousas is liable to plaintiff under La. C.C. 2315 for the actions of those in their employ.

32. Plaintiff prays for trial by jury.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully seeks an Order of this Court:

(a) Granting all relief available to plaintiff under the laws of the State of Louisiana and the United States of America, including damages, and punitive damages against the Defendants, in solido.

(b) Awarding Plaintiff her costs and attorneys' fees as appropriate;

(c) For trial by jury; and

(d) Such other relief as is just and proper.

Respectfully submitted,

**HUVAL, VEAZEY, FELDER, AERTKER & RENEGAR, LLC**

_____

**BRADFORD FELDER #25046**
G. ANDREW VEAZEY #21929
STACY N. KENNEDY #23619
BRADLEY E. BLACK, # 29763
P.O. Box 80948
Lafayette, LA 70598-0948
2 Flagg Place
Lafayette, LA  70508
Telephone:  (337) 234-5350
Facsimile:  (337) 234-5310
**ATTORNEYS FOR PLAINTIFF, RESA LATIOLAIS**