U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

SEP 2 5 2013

TONY R. MOORE, CLERK
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

Latiolais

versus

Griffth, et al

Civil Action 09-0018

Judge Richard T. Haik, Sr.

Magistrate Judge C. Michael Hill

## JUDGMENT

Before the Court is Plaintiff's Motion For Partial New Trial And For Rule 59(e) Amendment of Judgment [Rec. Doc. 193]. The trial of this matter was conducted from August 13, 2013 through August 16, 2013, on which date the jury returned a verdict for plaintiff, Resa Latiolais, and against defendant, Claudette Gallow, as surviving spouse of Roylis Gallow, and Bradley Griffith, a jointly and severally liable tort-feasor who settled prior to trial. The jury found that Gallow and Griffith entered into a conspiracy agreement to violate plaintiff's constitutional rights under 42 U.S.C. § 1983, and that Gallow and Griffith entered into an agreement to commit an illegal or tortious act under Louisiana state law. The jury, however, did not find that Gallow was acting under color of state law for purposes of the § 1983 conspiracy or that the City of Opelousas was vicariously liable for Gallow's actions under state law. The jury awarded the Plaintiff $10,647.00. On September 6, 2013, the Court entered judgment in conformity with the jury verdict.

Also, on September 6, 2013, Plaintiff filed this motion, moving the Court to amend the Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and seeking a new trial as to the damages awarded by the jury. Plaintiff contends that the jury committed "clear legal error" by: (1) finding that Gallow was not acting under the authority of state law when he entered into the agreement with Griffith; (2) awarding

only what it believed to be plaintiff's out-of-pocket expenses resulting from the actions of Gallow without considering Griffith's liability; and, (3) awarding special damages without awarding damages for pain and suffering.

Federal Rule of Civil Procedure 59 governs motions for a new trial or to alter or amend judgment brought within 28 days after the entry of judgment and provides in pertinent part:

> The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:
>
> > (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court ...

Fed.R.Civ.P. 59. In order for a court to disturb a jury's verdict and order a new trial, the jury's verdict must be "against the great weight of the evidence" or will result in "a miscarriage of justice" to let the verdict stand. *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 n. 3 (5th Cir.1998). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir.1999). A motion under Rule 59(e) calls into question the correctness of a judgment, *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.2002), and courts have considerable discretion in deciding whether to grant such a motion. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir.1993). In exercising this discretion, courts must carefully balance the interests of justice with the need for finality. *Id.* at 355–56. "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." *In re Transtexas Gas Corp.*, 303 F.3d at 581. "The granting of a Rule 59(e) motion 'is an

extraordinary remedy and should be used sparingly.'" *In re Pequeño*, 240 F. App'x 634, 636 (5th Cir.2007) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir.2004).

Upon considering the foregoing jurisprudence, and having determined that the jury's verdict was not against the great weight of the evidence, but rather was supported by sufficient evidence, the Court cannot conclude under Rule 59 that a new trial is warranted or that a manifest error of law, error of fact, or injustice has occurred warranting alteration of the judgment on the issues presented by Plaintiff's motion. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion For Partial New Trial And For Rule 59(e) Amendment of Judgment [Rec. Doc. 193] is **DENIED**.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 24th day of September, 2013.

_____
Richard T. Haik, Sr.
United States District Judge