RECEIVED



MAR 2 0 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY:

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

RESA LATIOLAIS

VERSUS

BRADLEY GRIFFITH et al

CIVIL ACTION NO. 09-00018

JUDGE DONALD E. WALTER

MAGISTRATE JUDGE HANNA

## ORDER

Before the Court are the remaining requests for relief, contained in the Motion to Extend Appeal Delays and Stay Execution of Judgment [Doc. #248], filed by Defendant Donald Cravins, Sr. Previously, the Court granted the motion insofar as Cravins sought to extend appeal delays pending disposition of the outstanding motion for attorney's fees [*see* Doc. #243], and deferred as to the remaining issues, in order to allow Plaintiff time to file any opposition thereto. [Doc. #249]. Plaintiff has now filed an opposition [Doc. #250], and the motion is ripe for this Court's ruling.

Insofar as Defendant Cravins is concerned, the final judgment, following a three-day jury trial, consists of both compensatory and punitive damages. *See* Doc. #242. Remaining for the Court's consideration, in the instant motion, are the following two issues: (a) whether Cravins is entitled to a stay of execution of, or any proceedings to enforce, the judgment entered on January 29, 2015, pending disposition of the outstanding motion for attorney's fees and appeal, if an appeal is taken; and (b) whether Cravins is required to post a supersedeas bond during any such stay of judgment. Plaintiff's opposition to the instant motion addresses only the latter of these two issues.

Federal Rule of Civil Procedure 62 governs the stay of proceedings to enforce a judgment. "The district court may only stay execution of the judgment pending the disposition of certain post-trial motions or appeal if the court provides for the security of the judgment creditor." *Peacock v. Thomas*, 516 U.S. 349, 359 n. 8 (1996); *see also MM Steel, L.P. v. JSW Steel (USA) Inc.*, 771 F.3d

301, 303 (5th Cir. 2014) (quoting *Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 463-64 (5th Cir. 1990))("Rule 62(d) establishes a general rule that losing parties in the district court can obtain a stay pending appeal only by giving a supersedeas bond."). Rule 62(f) provides a separate ground for a stay: "If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." *MM Steel*, 771 F.3d at 303 (quoting Fed. R. Civ. P. 62(f)). "Under the prevailing view of Rule 62(f), a judgment is a lien if a judgment creditor is only required to perform mere 'ministerial acts' to transform the judgment into a lien." *Id.* (collecting cases). And, "[i]n Louisiana, the filing of a judgment with the recorder of mortgages creates a 'judicial mortgage.'" *Castillo v. Montelepre, Inc.*, 999 F.2d 931, 942 n. 10 (5th Cir. 1993) (citing La. Civ. Code art. 3300). Thus, after exploring the interplay between Rule 62(f) and Louisiana Civil Code article 3300, the Fifth Circuit recognized that "Rule 62(f) operates to apply Louisiana law to stays of execution in federal courts located in Louisiana." *MM Steel*, 771 F.3d at 303 (citing *Castillo,* 999 F.2d at 942 n. 10).

A judgment is a lien on the judgment debtor's property under Louisiana law. Defendant Cravins is therefore "entitled to the same stay of execution the state court would give." *See* Fed. R. Civ. Proc. 62(f). In Louisiana, a suspensive appeal suspends the effect or the execution of an appealable order or judgment and must be taken within thirty days of the dates described in article 2123 of Louisiana's Code of Civil Procedure. By timely filing to suspend appeal delays in this case, Defendant Cravins *would* ostensibly be within the allowable delays for filing a suspensive appeal under Louisiana. "'A suspensive appeal, by its very nature, suspends the execution of a . . . judgment' or decision." *New Orleans Home for Incurables, Inc. v. Greenstein*, 911 F. Supp. 2d 386, 403 (E.D. La. 2012) (quoting *Fontenot v. Dept. of Pub. Safety and Corrections, Office of Motor*

*Vehicles*, 625 So.2d 1122, 1124 (La. App. 1 Cir. 1993)); La. Code Civ. Proc. art. 2123. However, "for a suspensive appeal of a judgment for the payment of a sum of money, with specified exceptions, security equal to the amount of the judgment plus interest is required." *Politz v. Politz*, 49,242 (La. App. 2 Cir. 9/10/14); 149 So. 3d 805, 817; La. Code Civ. Proc. art. 2123. Therefore, in applying Louisiana law under Rule 62(f), the fact that Defendant Cravins would be entitled to a stay of execution in Louisiana state court does not dispose of the requirement to post a supersedeas bond.

Defendant Cravins cites Louisiana Revised Statutes section 13:4581 in support of his position that security for a stay of these proceedings is not required in this case to protect the interests of Plaintiff Resa Latiolais. The Court disagrees. Likewise, the Court agrees with Plaintiff that Defendant Cravins' reference to any defense and indemnity provided for in section 13:5108.1 is simply misplaced within a discussion regarding the necessity of posting a supersedeas bond. Accordingly, upon due consideration, the Court hereby **GRANTS** the instant motion [Doc. #248] insofar as Defendant Cravins seeks a stay of proceedings to enforce the final judgment entered on January 29, 2015 and **DENIES** the motion insofar as Defendant Cravins seeks to avoid the requirement of posting a supersedeas bond during such stay of judgment. In accordance with Rule 62(d), the "stay takes effect when the court approves the bond."[1]

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 20th day of March, 2015.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[1] In accordance with Local Rule 62.2, "[a] supersedeas bond staying execution of a money judgment shall be in the amount of the judgment plus 20% of the amount to cover interest, costs and any award of damages for delay, unless the court directs otherwise."

3